NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3230
_____

UNITED STATES OF AMERICA

v.

OLUFEMI ADIGUN,
                                        Appellant
_____


Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. Action No. 1-11-cr-00151-001)
District Judge: Honorable Christopher C. Conner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 26, 2015
_____


Before: GREENAWAY, JR., KRAUSE, and GREENBERG, *Circuit Judges*.


(Opinion Filed: May 7, 2015)

————————

OPINION[*]

————————

GREENAWAY, JR., *Circuit Judge*.

Olufemi Adigun ("Appellant") appeals the District Court's judgment of conviction on conspiracy, fraud, unlawful monetary transactions and money laundering charges. Appellant argues that the Government improperly struck the sole potential African-American juror on the basis of her race and gender in violation of the Fourteenth Amendment. We hold that the District Court properly applied *Batson v. Kentucky*, 476 U.S. 79 (1986) and correctly determined that the Government's peremptory strike did not violate the Equal Protection Clause. We will affirm.[1]

## I. Factual and Procedural History

Appellant was indicted for counts of conspiracy to commit mail and wire fraud, money laundering, and related charges in connection with a complex fraud and money laundering scheme. After an initial mistrial, Appellant was re-tried and convicted on several counts.

During jury selection at the second trial, the Government exercised a peremptory strike to exclude an African-American woman as a potential alternate juror. Appellant raised a *Batson* challenge, arguing that the strike was racially motivated. In response, the

---

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231; we have jurisdiction pursuant to 28 U.S.C. § 1291.

2

Government explained they had eliminated the juror because: (1) she was a state employee, and the Government's experience was that state employees had a "liberal standpoint;" (2) she had only recently moved to Harrisburg, the trial venue; and (3) she was a relatively uneducated typist. App. 117–18. The Government later added that the juror was "also a woman," and they were "looking for male juror[s] [who] tend to be stronger leaders in the jury room." App. 119.

Appellant moved for a mistrial and to re-panel the jury, arguing that the Government's proffered race-neutral reasons for striking the juror were pretextual. The District Court denied Appellant's motions, crediting the Government's explanation. Appellant did not object to the strike as gender-based before the close of venire.

On the first day of trial, the District Court raised the issue of the Government's gender-based rationale sua sponte. The District Court acknowledged that intentional discrimination on the basis of gender in the use of peremptory strikes violates the Equal Protection Clause, but upheld the strike under *Gattis v. Snyder*, 278 F.3d 222 (3d Cir. 2002), finding that the Government would have struck the juror even in the absence of any gender-related reason.

Appellant was convicted and sentenced following the jury trial.

## II.    Analysis

Appellant argues that the District Court erred in permitting the Government to strike the sole African-American juror based on her race and gender in violation of the Fourteenth Amendment.

3

A.    Race-based challenge

"We review the District Court's factual determination of whether discriminatory intent motivated the government's peremptory strikes for clear error." *United States v. DeJesus*, 347 F.3d 500, 505 (3d Cir. 2003) (citing *United States v. Uwaezhoke,* 995 F.2d 388, 394 (3d Cir. 1993), *cert. denied*, 510 U.S. 1091 (1994)).

Under *Batson*, a court shall employ a three-step procedure for evaluating claims of discrimination in the jury selection process:

> "First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race.  Second, if that showing has been made, the prosecution must offer a race-neutral basis for striking the juror in question.  Third, in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination."

*Williams v. Beard*, 637 F.3d 195, 205 (3d Cir. 2011) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 328–29 (2003) (discussing three-step inquiry under *Batson*)).[2]

As to step two, the record is clear that the Government provided several race-neutral reasons for striking the juror.  The Government noted that the juror may have had a liberal bias based on being a state employee, had only recently moved to the city of the trial, and was relatively uneducated.  "[T]he Supreme Court has purposely set a relatively low bar at step two . . . . 'Unless a discriminatory intent is inherent in the prosecutor's

---

[2] Because the Government offered several race-neutral reasons for the strike and the District Court proceeded to a full *Batson* analysis, the issue of whether Appellant made a prima facie showing of racial discrimination is moot.  *See Johnson v. Love*, 40 F.3d 658, 663–64 (3d Cir. 1994) (citing *Hernandez v. New York*, 500 U.S. 352, 359 (1991)).

explanation, the reason offered will be deemed race neutral.'" *Hardcastle v. Horn*, 368 F.3d 246, 257 (3d Cir. 2004) (quoting *Purkett v. Elem,* 514 U.S. 765, 768 (1995) (per curiam)). The Government's asserted reasons are not inherently discriminatory and thus satisfy step two.

Finally, at step three, the District Court did not abuse its discretion in determining that the Government advanced non-pretextual, race-neutral reasons in support of the strike. In this context, we afford the trial court's determination considerable deference because it depends in large part upon the credibility of the attorney exercising the strike. *Forrest v. Beloit Corp.*, 424 F.3d 344, 350 (3d Cir. 2005) (citing *United States v. Casper*, 956 F.2d 416, 419 (3d Cir. 1992)). We will not reverse the trial court's determination "'unless it is completely devoid of minimum evidentiary support displaying some hue of credibility.'" *Id.* (quoting *United States v. Milan*, 304 F.3d 273, 281 (3d Cir. 2002)). In light of the juror's statements that she was a state employee, typist, and had only recently moved to Harrisburg, we cannot say that the District Court clearly erred in determining that the Government's asserted reasons for the strike were not pretextual.

Thus, the District Court properly concluded that the peremptory strike was not race-based and therefore did not violate the Fourteenth Amendment.

B.      Gender-based challenge

Appellant did not raise a contemporaneous *Batson* objection on the basis of gender. Accordingly, we will review for plain error. *See Gov't of Virgin Islands v. Forte*, 806 F.2d 73, 75–76 (3d Cir. 1986) (objection must be made contemporaneously or

at the close of voir dire in order to preserve *Batson* claim); *United States v. Heron*, 721 F.3d 896, 901–02 (7th Cir. 2013) (race-based *Batson* objection did not preserve religion-based *Batson* claim and plain error applied). To prevail, Appellant must show that the error "is plain, . . . affected his substantial rights, and . . . would seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Ward*, 626 F.3d 179, 183 (3d Cir. 2010) (citing *United States v. Russell*, 564 F.3d 200, 203–04 (3d Cir. 2009)).

We have recognized that the strike of a juror motivated in part by an impermissible reason—like gender—may nevertheless be valid if the prosecutor demonstrates that it would have taken the same action in the absence of the impermissible motivation. *Gattis*, 278 F.3d at 234–35. The District Court specifically found that the Government would have struck the potential alternate juror even in the absence of any gender-related reason and that the Government's impermissible gender-based consideration was "strictly de minimus." App. 128–29. In light of the Government's proffered gender and race-neutral reasons for the strike, we discern no error in the District Court's determination that the peremptory strike was valid.

### III. Conclusion

For the foregoing reasons, we will affirm the District Court's judgment of conviction.