**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-3331

_____

UNITED STATES OF AMERICA

v.

OLUFEMI ADIGUN,
                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-11-cr-00151-001)
District Judge: Hon. Christopher C. Conner

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
Tuesday, January 14, 2020

_____

Before: HARDIMAN, PORTER, and PHIPPS,
*Circuit Judges*

(Filed: January 15, 2020)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PORTER, *Circuit Judge*.

A jury convicted Olufemi Adigun of conspiracy to commit mail and wire fraud, conspiracy to commit money laundering, unlawful monetary transactions, and laundering of monetary instruments. Adigun later petitioned the District Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He insisted that his trial counsel provided him ineffective assistance by rejecting a plea agreement offer purportedly extended by the government. But the District Court determined that the government never extended any plea agreement offer. Because the District Court committed no clear error when it made that finding, we will affirm.

**I**

After a jury found Adigun guilty of several crimes, the District Court sentenced him to 168 months' imprisonment. Adigun filed a direct appeal, but we affirmed the District Court. *See United States v. Adigun*, 609 F. App'x 718, 719 (3d Cir. 2015).

After his unsuccessful direct appeal, Adigun filed his § 2255 petition. The petition included six challenges, but the District Court initially rejected five of them. The District Court decided to conduct an evidentiary hearing before considering Adigun's remaining challenge—whether his trial counsel provided ineffective assistance by failing to communicate a plea agreement offer allegedly extended by the government.

At the evidentiary hearing, the government and Adigun adduced testimony from several witnesses. The witnesses included Adigun, his mother, his sister, his trial counsel, his sentencing and appellate counsel, and his postconviction counsel. The government also

presented interrogatory responses from the Assistant United States Attorney who prosecuted Adigun.

The District Court rejected Adigun's ineffective assistance claim. It found that "[t]he weight of the evidence . . . overwhelmingly establishe[d] the absence of any plea agreement offer." App. 8. Because the District Court found that the government never extended any plea agreement offer, it concluded that Adigun's trial counsel could not have provided ineffective assistance. Adigun timely appealed.

## II[1]

Adigun challenges the District Court's denial of his § 2255 petition. Adigun argues that the District Court committed clear error when it determined that the government never extended a plea agreement offer to him.[2] The District Court made no clear error. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "Whe[n] there are two permissible views of the evidence, the factfinder's choice

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331, 2255. We have jurisdiction under 28 U.S.C. §§ 1291, 2253(a). When reviewing a § 2255 motion, we exercise plenary review over the District Court's conclusions of law and clear error review over the District Court's findings of fact. *See United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008) (citation omitted).

[2] Adigun also argues that the District Court committed a legal error when it denied his § 2255 petition. He claims that the District Court's decision was premised on the legal holding that Adigun's trial counsel had no constitutional obligation to advise his client of an "informal" or "preliminary" plea agreement offer. But the District Court's decision made no such legal determination. Instead, the District Court found that the government never extended any plea agreement offer—informal, preliminary, final, formal, or otherwise.

3

between them cannot be clearly erroneous." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985) (citations omitted).

Based on "overwhelming record evidence," the District Court found that the government never extended a plea agreement offer to Adigun. App. 6. During the evidentiary hearing, Adigun's trial counsel and his sentencing and appellate counsel both testified that they had no recollection of the government extending any plea agreement offer. The District Court found that the testimony of both lawyers was credible.

The government provided interrogatory responses from the Assistant United States Attorney who prosecuted Adigun. The prosecutor had no independent recollection of making any plea agreement offer to Adigun, and although he searched and reviewed his files from Adigun's case thoroughly, he could find no evidence of a plea agreement offer. And the District Court found that the government's testimony was credible.

By contrast, the evidence that Adigun presented during the evidentiary hearing was primarily his own testimony and that of two family members—his mother and sister. But the District Court found "that the testimony of Adigun and his family members lack[ed] credibility." App. 8. The District Court decided that "[t]he weight of the evidence . . . overwhelmingly establishe[d] the absence of any plea agreement offer." *Id.* "Adigun's claim [about the plea agreement offer] [wa]s supported only by his own self-serving testimony and his family members' testimony recounting comments he made to them, testimony that" the District Count found "incredible." *Id.*

Given the District Court's thorough factual findings and thoughtful credibility determinations, we are not "left with the definite and firm conviction that a mistake has

4

been committed." *See U.S. Gypsum Co.*, 333 U.S. at 395. Yet Adigun still argues on appeal that the District Court committed clear error. We disagree. Adigun's arguments amount to disagreements with the District Court's factual findings and credibility determinations. We are unconvinced by his arguments. And even if we agreed that Adigun's view of the facts was plausible, "the factfinder's choice between [two permissible views of the facts] cannot be clearly erroneous." *See Anderson*, 470 U.S. at 574.

The District Court did not commit clear error by finding that the government never extended a plea agreement offer. Because Adigun's counsel had no obligation to advise Adigun about a nonexistent plea agreement offer, his trial counsel could not have provided ineffective assistance. *See Workman v. Superintendent Albion SCI*, 915 F.3d 928, 938 (3d Cir. 2019) (stating that, to prove a claim of ineffective assistance of counsel, a defendant must show that his counsel was "*deficient*, meaning that counsel made *errors*" (emphasis added) (internal quotation marks and citation omitted)).

\* \* \*

The District Court correctly denied Adigun's § 2255 petition, so we will affirm.