NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1330
_____

UNITED STATES OF AMERICA

v.

BALAZS TARNAI,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-11-cr-00254-001)
District Judge: Honorable Donetta W. Ambrose
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on February 6, 2019

Before: HARDIMAN, SCIRICA, and RENDELL, *Circuit Judges*

(Filed: August 12, 2019)


_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Balazs Tarnai appeals the denial of his 28 U.S.C. § 2255 motion to vacate his conviction and sentence. Tarnai claimed his defense counsel provided ineffective assistance by failing to communicate his acceptance of a plea agreement to the government. But Tarnai maintained his innocence while this offer was under consideration. For the reasons we explain below, Tarnai cannot meet *Strickland*'s prejudice prong. We will affirm.

**I.**[1]

In November 2011, a grand jury returned a three-count indictment against Tarnai, alleging he received and possessed material depicting the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(2) and (a)(4)(B). The government seized evidence from Tarnai's home at the time of his arrest, leading to further investigation. In the meantime, Tarnai had retained a defense attorney. The government informed Tarnai's defense counsel of the fruits of this investigation and advised him of the possibility it would pursue additional charges against Tarnai.

Before supplementing its indictment, the government extended a plea offer. The April 19, 2012 letter, marked "draft," purported to "represent[] the full and complete agreement between" Tarnai and the government. Appellant's Appendix (App.) 203. The offer required Tarnai to, among other things, plead guilty to Count One of the Indictment

---

[1]     Because we write just for the parties, we limit our background discussion to the factual and procedural events central to our legal analysis.

2

and "acknowledge[] his responsibility for the conduct charged in Counts Two and Three." App. 204. The April offer also stipulated that Tarnai waive his right to take a direct appeal or file a collateral attack on his conviction or sentence. In return for his plea, the government would recommend a sentence according to U.S. Sentencing Guidelines § 2G2.2. The April offer contemplated an adjusted offense level of 29 and noted, incorrectly, a statutory maximum term of ten years' imprisonment.[2] Attached to the offer was a form that Tarnai and his defense counsel could sign to accept the plea agreement.

Tarnai's defense counsel declined the April offer for him. After Tarnai rejected a second plea offer, the government brought further charges in a superseding indictment, alleging additional violations of 18 U.S.C. § 2251(a) and (e) for producing material depicting sexual exploitation of minors. Tarnai unsuccessfully moved to suppress the evidence, and on the eve of trial he accepted a third plea offer. Through that plea agreement Tarnai pleaded guilty to Count Four of the superseding indictment and accepted responsibility for the conduct underlying the other charges. He waived his right to appeal or collaterally attack his conviction or sentence. The sentencing judge accepted Tarnai's guilty plea after reviewing its terms and confirming, among other things, that Tarnai entered the plea knowingly and voluntarily and that he was satisfied with defense counsel's representation. The court sentenced Tarnai to fifteen years' incarceration.

---

[2]     The crime charged in Count One carries a maximum term of imprisonment of *twenty* years. *See* 18 U.S.C. § 2252(b). We conclude Tarnai has failed to show prejudice for other reasons, *see infra* Part II.B, so we need not address the government's argument that Tarnai cannot show prejudice because his final sentence of fifteen years is below the correct statutory maximum.

Tarnai moved to vacate his conviction and sentence under 28 U.S.C. § 2255. Tarnai argued defense counsel was constitutionally ineffective when he allegedly ignored Tarnai's instruction to accept the April offer. The April offer, according to Tarnai, would have resulted in a prison sentence of five years. The government moved to dismiss, relying on Tarnai's appellate waiver.

The trial court held an evidentiary hearing. Tarnai testified on his own behalf and presented the testimony of a friend, Rebecca Baker. The gist of their testimony was that Tarnai initially told his defense counsel he did not want to accept the April offer but later changed his mind after consulting with his family. Tarnai said he asked Baker to communicate to his defense lawyer his intention to accept the plea deal. Baker testified she relayed this information as Tarnai requested. Tarnai also claims to have eventually spoken with defense counsel and asked him to accept the April offer. These communications, according to Tarnai, preceded the government's May 23 letter confirming he declined the offer.

Tarnai's defense lawyer, who testified for the government, emphasized Tarnai could not have accepted the April offer because he continued to deny guilt while the offer was pending. Defense counsel denied being instructed by Tarnai to accept the April offer. He asserted instead that Tarnai "steadfastly maintained that he was innocent of the charges." App. 165. He acknowledged speaking with Baker but did not recall any specifics. He insisted he could not have ethically or legally presented Tarnai's plea because of Tarnai's proclaimed innocence. Defense counsel's paralegal also testified that Tarnai "maintained his innocence throughout." App. 186. Tarnai stuck to this position

despite defense counsel's and the paralegal's explanation that any agreement would require him to "acknowledge his guilt" to the sentencing judge's satisfaction. *Id.*

The trial court denied Tarnai's § 2255 motion following the hearing. Its order provided two independent grounds for dismissal—(1) the enforceable appellate waiver contained in the plea agreement bars Tarnai's motion and (2) Tarnai's claim fails on the merits. *See* App. 12, 14–15, 16–17. We granted a certificate of appealability to review two issues: (1) "whether Appellant's waiver of collateral review as set forth in his plea agreement is enforceable," and (2) "whether Appellant's trial attorney rendered constitutionally ineffective assistance of counsel in connection with the guilty plea proceedings." App. 19.[3]

Without explanation, the government abandons its position that the collateral review waiver binds Tarnai. *See* Gov't Br. 2. While we must "rule on the trial judge's order dismissing [Tarnai's] § 2255 motion," Reply Br. 3, "[w]e may affirm the district court on any ground supported by the record," *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accepting the government's concession, we limit our analysis to whether defense counsel was constitutionally ineffective when he represented Tarnai during plea bargaining.

---

[3] The trial court had jurisdiction under 18 U.S.C. § 3231 and 28 U.S.C. § 2255. We have jurisdiction to review the trial court's order dismissing Tarnai's motion under 28 U.S.C. §§ 1291 and 2253. "We exercise plenary review over the legal component of an ineffective assistance claim" and "review the underlying facts for clear error, but exercise independent judgment on whether those facts, as found by the District Court, show that counsel rendered ineffective assistance." *United States v. Davenport*, 775 F.3d 605, 608 (3d Cir. 2015) (internal citation omitted).

5

## II.

## A.

The Sixth Amendment ensures a criminal defendant's right to "the Assistance of Counsel for his defence." U.S. Const. amend. VI. It guarantees "the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (internal quotation marks and citation omitted). This Sixth Amendment right is violated when a defendant establishes "both that counsel performed deficiently and that counsel's deficient performance caused him prejudice." *Buck v. Davis*, 137 S. Ct. 759, 775 (2017). We may resolve Tarnai's ineffectiveness claim under the prejudice prong without addressing whether counsel's performance was deficient. *See Strickland*, 466 U.S. at 697.

The right to effective assistance of counsel applies to plea bargaining, "in part because poor bargaining can lead to heavier sentences." *Richardson v. Superintendent Coal Twp. SCI*, 905 F.3d 750, 765 (3d Cir. 2018); *see Missouri v. Frye*, 566 U.S. 134, 144 (2012) ("In today's criminal justice system . . . the negotiation of a plea bargain, rather than the unfolding of a trial, is almost always the critical point for a defendant."). But the right does not attach to all aspects of negotiation between defense counsel and prosecutor. Its protections are triggered by formal offers.[4]

---

[4] There are a few guideposts that help inform whether an offer qualifies as formal: First, a formal offer's "terms and its processing can be documented so that what took place in the negotiation process" can be adduced after the fact. *Frye*, 566 U.S. at 146. Second, states may require all formal offers be written. *Id.* And third, "formal offers can be made part of the record at any subsequent plea proceeding or before a trial on the merits, all to ensure that a defendant has been fully advised before those further proceedings commence." *Id.*

The nub of the prejudice inquiry is whether the attorney's deficient performance leaves the defendant worse off. In the plea-bargaining context, the defendant must first establish a reasonable probability that the plea agreement would have been consummated. *Frye*, 566 U.S. at 147. This requires a reasonable probability that: (1) "the defendant would have accepted the plea," (2) "the prosecution would not have withdrawn it in light of intervening circumstances," and (3) "the court would have accepted its terms." *Lafler v. Cooper*, 566 U.S. 156, 164 (2012). The defendant must then "show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Frye*, 566 U.S. at 147.

**B.**

Tarnai has not shown he was prejudiced by defense counsel's conduct. This conclusion follows even if we assume the April letter was a formal offer that activated counsel's Sixth Amendment duty to provide effective assistance to his client. That Tarnai says he would have accepted the April offer cannot alone establish prejudice under *Lafler* and *Frye*. He must also show the government and the court would have accepted this agreement. We conclude Tarnai falls short on both fronts.

Tarnai has not established the government would have allowed him to take the plea while insisting on his innocence. Tarnai presented nothing "to contradict" the government witnesses' testimony that he "maintain[ed] his innocence." App. 14. The trial court found Tarnai "wished to accept the [April] plea offer" but "was unwilling to admit guilt" for the wrongdoing charged. *Id.* Tarnai attacks this finding as clearly erroneous. He

claims the evidence, "taken as a whole, proves that there was never a time that [Tarnai] told [defense counsel] that he wanted to plead guilty while denying guilt." Appellant's Br. 40–41. Tarnai's account of the record does not make the trial court's understanding of the evidence, including his representations to defense counsel, "plainly wrong." *Cooper v. Harris*, 137 S. Ct. 1455, 1468 (2017) ("[T]he very premise of clear error review is that there are often two permissible—because two plausible—views of the evidence.") (internal quotation marks and citations omitted). Nothing in the record leads us to disrupt the trial court's finding that Tarnai maintained his innocence throughout.

Given Tarnai's position on his innocence, there is no reasonable probability the government would have moved forward with the agreement. By its terms, the agreement required Tarnai to plead guilty to one count and "acknowledge[] his responsibility for the conduct charged" in the others. App. 203–04. Tarnai's insistence on his innocence clashed with his obligations under the offer. And the Guidelines range set forth in the offer contemplated a three-level reduction for "acceptance of responsibility." App. 208. The government would have likely withdrawn its offer in the face of Tarnai's noncompliance. Tarnai points to no evidence to question the high likelihood that the government would have retracted the April offer.

Even assuming the government was willing to advance the agreement, Tarnai has failed to establish a reasonable probability the court would have accepted the agreement. First, Tarnai's claim of innocence left him unable to abide by the agreement's terms. Second, Tarnai's position would have required the trial court to accept a guilty plea of a defendant who claimed to be innocent. In certain circumstances, a trial court may accept

8

a guilty plea of a defendant despite his unwillingness "to admit his participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). But a trial court need not accept such a plea. *See id.* at 38 n.11. And the existence of such a plea does not extinguish the trial court's duty under Federal Rule of Criminal Procedure 11(b)(3) to find to its satisfaction "a factual basis for the plea." For these reasons, we believe there is no reasonable probability the trial court would have accepted Tarnai's plea under the circumstances.[5]

### III.

For the reasons provided, we will affirm the trial judge's order granting the government's motion to dismiss and denying Tarnai's motion to vacate his conviction and sentence because he has failed to show prejudice.

---

[5] Because we conclude defense counsel's failure to accept the April offer did not prejudice Tarnai, we need not consider whether his conduct was constitutionally deficient.