**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2813
_____

ARTURO DELACRUZ,
                                        Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court for the
District of New Jersey
(D.C. Civil Action No. 3-16-cv-02078)
District Judge:  Hon. Michael A. Shipp

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 19, 2019

Before:  CHAGARES, MATEY, and FUENTES, <u>Circuit</u> <u>Judges</u>.

(Opinion filed: November 21, 2019)

_____

OPINION[*]
_____

_____

[*]  This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Arturo Delacruz was sentenced to 108 months of imprisonment after pleading guilty to one count of conspiracy to commit Hobbs Act robberies. He now challenges the District Court's denial of his motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. We will affirm the judgment of the District Court.

I.

We write exclusively for the parties, so our summary of the facts is brief. Delacruz pleaded guilty to a single-count Information charging him with conspiracy to commit Hobbs Act robberies, in violation of 18 U.S.C. § 1951(a). The guilty plea encompassed three robberies in Trenton, New Jersey: a robbery of the Sabor Latino Bar, a robbery of the Rapido Flores Multiservices Agency, and a robbery of a Gulf Service Station.

Delacruz's plea agreement stated the parties' understanding that under the advisory U.S. Sentencing Guidelines Manual, the total offense level would be 29. As relevant here, Delacruz stipulated that the adjusted offense level for the Sabor Latino Bar robbery was 29, resulting, in part, from a six-level increase for a firearm that was not discharged but was "otherwise used." U.S.S.G. § 2B3.1(b)(2)(B). The three robberies did not group together and produced a combined offense level of 32. That combined offense level was then reduced by three levels for Delacruz's acceptance of responsibility.

At Delacruz's sentencing hearing on March 30, 2015, the sentencing judge agreed that the total offense level was 29. The total offense level, combined with Delacruz's

Criminal History Category of I, corresponded to an advisory Guidelines range of 87 to 108 months of imprisonment. The sentencing judge imposed a 108-month term of imprisonment, to be followed by a three-year term of supervised release.

Delacruz did not directly appeal. But in 2016, he filed a pro se motion under 28 U.S.C. § 2255, claiming that his trial attorney was ineffective for failing to object to certain sentencing enhancements. In an order entered on July 24, 2017, the District Court denied Delacruz's § 2255 motion, holding that he failed to show his attorney's performance was deficient.

This appeal timely followed. We granted a certificate of appealability limited to the sole question of whether Delacruz's trial attorney was ineffective for failing to negotiate a five-level enhancement for "brandishing" a firearm, as opposed to the agreed-upon six-level enhancement for a firearm that was "otherwise used." See U.S.S.G. § 2B3.1(b)(2)(B), (C). We then appointed pro bono counsel to represent Delacruz.[1]

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 2255, and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). When reviewing the denial of a § 2255 motion, we examine "legal determinations de novo, factual findings for clear error, and matters committed to the District Court's discretion for abuse thereof." United States v. Doe, 810 F.3d 132, 142 (3d Cir. 2015).

---

[1] We thank counsel for agreeing to take this case pro bono and commend them for their excellent briefing.

## III.

Delacruz argues that he did not explicitly admit to facts that would support a six-level "otherwise used" firearm enhancement for the Sabor Latino Bar robbery. Therefore, he contends that his attorney was ineffective during plea negotiations because he failed to negotiate a lower five-level increase for merely "brandishing" a firearm. See U.S.S.G. § 2B3.1(b)(2)(B), (C).[2]

The Sixth Amendment right to effective assistance of counsel "protects plea bargaining, in part because poor bargaining can lead to heavier sentences." Richardson v. Superintendent Coal Twp. SCI, 905 F.3d 750, 765 (3d Cir. 2018). Claims of ineffective assistance of counsel are governed by Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, Delacruz had to show that (1) the errors by his attorney were so serious that his counsel did not perform the function guaranteed by the Sixth Amendment, and (2) his attorney's deficient performance prejudiced him. 466 U.S. at 687.

We agree with the District Court that Delacruz has not established his trial attorney's performance was deficient under Strickland's first prong. To make that showing, Delacruz had to demonstrate that his trial attorney's performance was "so deficient that it fell below an objective standard of reasonableness under prevailing

---

[2] The Government posits that Delacruz forfeited his argument that his trial attorney was ineffective during plea negotiations because his pro se § 2255 motion in the District Court focused solely on his attorney's performance during the sentencing hearing. We do not read Delacruz's motion so narrowly. See Workman v. Superintendent Albion SCI, 915 F.3d 928, 941 (3d Cir. 2019) (explaining, in the context of a 28 U.S.C. § 2254 motion, that "[a] habeas corpus petition prepared by a prisoner without legal assistance may not be skillfully drawn and should thus be read generously" (quotation marks omitted)).

professional norms." Buehl v. Vaughn, 166 F.3d 163, 169 (3d Cir. 1999). In assessing counsel's conduct, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Delacruz's trial attorney reasonably did not seek to negotiate the six-level "otherwise used" firearm enhancement down to a five-level "brandishing" enhancement. As the District Court observed, Delacruz used a firearm explicitly to threaten and intimidate hostages. The Presentence Investigation Report states that during the Sabor Latino Bar robbery, Delacruz and his co-conspirator pointed guns at employees and patrons of the bar and then used plastic zip-tie straps to restrain them at gunpoint. Delacruz did not object to these factual circumstances of his offense at sentencing, and they are consistent with his admission at the plea hearing that "at least one victim was physically assaulted and restrained by plastic zip ties." Joint Appendix 137.

Faced with that factual basis for the "otherwise used" enhancement, Delacruz's trial attorney reasonably did not seek to negotiate down to a lower five-level enhancement for merely "brandishing" a firearm. As we have explained, "[p]ointing a weapon at a specific person or group of people, in a manner that is explicitly threatening, is sufficient to make out 'otherwise use' of that weapon." United States v. Johnson, 199 F.3d 123, 127 (3d Cir. 1999). We therefore cannot conclude that the failure to negotiate the "otherwise used" enhancement fell below an objective standard of reasonableness.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

5