**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2707

_____

WILLIAM GRIBBLE,

Appellant

v.

SUPERINTENDENT GREENE SCI; ATTORNEY GENERAL PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-09-cv-02091)
District Judge: Honorable Jeffrey L. Schmehl

_____

Submitted Under Third Circuit LAR 34.1(a)
September 24, 2021

Before: CHAGARES, HARDIMAN, and MATEY, *Circuit Judges.*

(Filed:  September 30, 2021)

_____

OPINION*

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

William Gribble argues his trial counsel provided ineffective assistance, leading to a murder conviction. Seeing some merit, we will vacate the District Court's order in part and remand in part for an evidentiary hearing. As to the rest of Gribble's arguments, we will affirm the District Court's order.

## I. BACKGROUND

Gribble and his girlfriend Kelley O'Donnell were convicted of first-degree murder and related offenses. After exhausting all remedies available in the Pennsylvania Commonwealth courts, Gribble petitioned under 28 U.S.C. § 2254, claiming ineffective assistance by his trial counsel. Adopting the recommendation of the Magistrate Judge, the District Court found Gribble's claims untimely and lacking merit. The District Court, and this Court, both declined to issue a certificate of appealability ("Certificate").

Gribble then asked the District Court to reopen the judgment, arguing that a change in law announced in *Martinez v. Ryan*, 566 U.S. 1 (2012), saved his claim. The District Court denied the motion and again declined to issue a Certificate. We granted a Certificate to consider whether *Martinez* excuses his procedural default.[1] It does, in part, and so we will remand in part.

## II. ANALYSIS

### A.    Legal Standard

We review the denial of a motion to reopen a judgment for abuse of discretion,

---

[1] The District Court had jurisdiction under 28 U.S.C. § 2254(a), and we have jurisdiction under 28 U.S.C. §§ 2253 and 1291.

meaning a decision based on a "clearly erroneous finding of fact, an erroneous conclusion of law, or an improper application of law to fact." *Cox v. Horn*, 757 F.3d 113, 118 (3d Cir. 2014) (citing *Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999)). *Martinez* excuses a procedural default "caused by ineffective assistance of post-conviction counsel . . . in the . . . first collateral proceeding" if "the underlying claim of trial counsel ineffectiveness is 'substantial,' meaning 'the claim has some merit.'" *Id.* at 119 (quoting *Martinez*, 566 U.S. at 14); *see also Richardson v. Superintendent Coal Twp. SCI*, 905 F.3d 750, 762 (3d Cir. 2018).

We evaluate Gribble's claims using two standards. First, proving ineffectiveness by post-conviction counsel requires "show[ing] deficient performance . . . as required under the first prong" of *Strickland v. Washington*, 466 U.S. 668 (1984).[2] *Workman v. Superintendent Albion SCI*, 915 F.3d 928, 941 (3d Cir. 2019) (quoting *Brown v. Brown*, 847 F.3d 502, 513 (7th Cir. 2017)). To show deficient performance, Gribble's "state post-conviction counsel's performance [must have fallen] below an objective standard of reasonableness." *Id.* at 941.

Second, to show that a claim for ineffective assistance of trial counsel is "substantial" and has "some merit," Gribble must show that "reasonable jurists could debate" its merits or that it "deserve[s] encouragement to proceed further." *Id.* at 938–39 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)) (noting that the *Martinez*

---

[2] That is because the second prejudice prong of *Strickland* is "established with a substantial claim of ineffective assistance of trial counsel that would otherwise have been deemed defaulted." *Workman v. Superintendent Albion SCI*, 915 F.3d 928, 941 (3d Cir. 2019) (quoting *Brown v. Brown*, 847 F.3d 502, 513 (7th Cir. 2017)).

standard is "less exacting than *Strickland*"). But there is a "strong presumption" that trial counsel's conduct "might be considered sound trial strategy." *Id.* at 943 (quoting *Strickland*, 466 U.S. at 689).

**B.     Trial Counsel's Alleged Failures**

Gribble argues he is guilty not of first-degree murder, but only a crime of passion. He asserts that his trial counsel was ineffective for failing to present five pieces of evidence to support this theory and that post-conviction counsel likewise failed to raise these errors. We consider each piece of evidence in turn.

1.      Gail Stacy, Rose Stoddart, and the 911 Calls

First, Gribble points to the police statement of O'Donnell's friend, Gail Stacy. Gribble argues that Stacy would have testified to a romance between O'Donnell and the victim, one unbeknown to Gribble. He reasons this testimony supports his crime-of-passion theory, showing that he reacted in rage when he unexpectedly discovered O'Donnell with the victim. But this testimony is inadmissible hearsay. Pa.R.E. 801. And other parts of the statement undermine the theory—O'Donnell told Stacy that "she and [Gribble] had done something big and she had money," described the murder to Stacy the day after, and said that Gribble had taken $196 from the victim's pockets. (App. at 50, 52–53.) Under the circumstances, trial counsel may have had a sound strategy for not calling Stacy to the stand.

Gribble also claims that trial counsel should have called Rose Stoddart, an employee of the victim's store, to testify that she saw the victim give O'Donnell money from his cash register earlier that day. But Stoddart's testimony supports the Government's theory that

4

O'Donnell saw the victim as a source of money for her drug habit, a view she shared with Gribble. And Stoddart admittedly did not see the full interaction. Instead of Stoddart, Gribble's trial counsel elicited testimony from another store employee to rebut the Government's evidence. The claim that trial counsel was ineffective here is not substantial, because relying on one employee over another under these circumstances is a matter of sound trial strategy.

Gribble then brings up two 911 calls placed from the scene of the crime around the hour it occurred. The first was from O'Donnell saying that her husband was beating her; the second was from someone requesting an ambulance because O'Donnell had "just had a seizure." (App. at 59.) Gribble claims both establish a timeline of the killing supporting his heat-of-passion defense. But omitting this evidence was not unsound trial strategy. O'Donnell called 911 at 2:42 a.m., and police arrived at 2:50 a.m., reporting that no one would answer the door. If introduced, this call would have been scrutinized, and O'Donnell's hospital records an hour later show no evidence of bruising and no corroborating statements made to hospital staff. Nor is the second call helpful, as the paramedic who responded to the scene testified that O'Donnell did not appear to have suffered a seizure. Both calls cast doubt on O'Donnell's credibility, strengthen the Government's theory of a conspiracy, and trial counsel reasonably elected to omit them.

2.     Medical Examiner and Neighbor Evidence

Evidence from the medical examiner and upstairs neighbor require closer examination, and we will remand to the District Court for further factual development to consider whether trial counsel was effective. *See Lambert v. Warden Greene SCI*, 861 F.3d

459, 472 (3d Cir. 2017); *Richardson*, 905 F.3d at 764.

First, trial counsel failed to ask the medical examiner about his post-mortem report showing that the victim suffered facial injuries consistent with an assault. Gribble argues this shows a confrontation with the victim rather than a sneak attack. Given the medical examiner's acknowledged inexperience, we see no reasonable trial strategy in failing to question his report, so post-conviction counsel failed to raise a claim of ineffectiveness.

Second, trial counsel failed to introduce testimony and a 911 call from a neighbor, Joe Boles, who recalled hearing screams, which sounded to him like "someone being killed downstairs." (App. at 426–27.) Seeing no strategy to ignore this witness or his emergency call, reasonable jurists could debate the merits of trial counsel's effectiveness. So post-conviction counsel's performance was deficient, and we will remand for an evidentiary hearing.

### III. CONCLUSION

For these reasons, we will vacate in part and remand in part to the District Court to conduct an evidentiary hearing to consider whether the failure to elicit testimony from the medical examiner and neighbor rendered Gribble's trial counsel ineffective. We will affirm the District Court's order as to the remainder of Gribble's claims.

6