Cite as: 570 U. S. ____ (2013)          1

# SUPREME COURT OF THE UNITED STATES

## ELRICK J. GALLOW, PETITIONER *v.* LYNN COOPER, WARDEN

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 12–7516.   Decided June 27, 2013

The petition for a writ of certiorari is denied.

Statement of JUSTICE BREYER, with whom JUSTICE SOTOMAYOR joins, respecting the denial of the petition for writ of certiorari.

Petitioner Elrick Gallow, like the petitioner in the recently decided case of *Trevino* v. *Thaler*, 569 U. S. ___ (2013), alleges that he received ineffective assistance of counsel both at his criminal trial and during his first state postconviction proceeding. Specifically, petitioner's trial counsel has admitted in an affidavit and testimony before the State's Disciplinary Board that "he was unable to effectively cross-examine the victim because he was suffering from panic attacks and, more importantly, is related to the victim. Because of this, [he] advised Gallow to plead guilty despite Gallow's reluctance to do so, and failed to inform both Gallow and the State that he had evidence to impeach the victim's testimony." 1 App. to Pet. for Cert. 3. In reliance on this conflicted advice, Gallow pleaded guilty midway through trial. His trial counsel was subsequently disbarred. When Gallow, represented by a different attorney, filed for state postconviction relief, his new attorney failed to bring forward "any admissible evidence" to support his claim of ineffective assistance of trial counsel. *Id.,* at 15. Namely, in state court Gallow's habeas counsel repeatedly neglected to subpoena the trial counsel, which led the state court to reject the counsel's affidavit on state evidentiary grounds. This meant that Gallow was left with a claim that had virtually no evidentiary support.

In my view, a petitioner like Gallow is in a situation indistinguishable from that of a petitioner like Trevino: Each of these two petitioners failed to obtain a hearing on the merits of his ineffective-assistance-of-trial-counsel claim because state habeas counsel neglected to "properly presen[t]" the petitioner's ineffective-assistance claim in state court. *Martinez* v. *Ryan*, 566 U. S. 1, ___ (2012) (slip op., at 2). A claim without any evidence to support it might as well be no claim at all. In such circumstances, where state habeas counsel deficiently neglects to bring forward "any admissible evidence" to support a substantial claim of ineffective assistance of trial counsel, there seems to me to be a strong argument that the state habeas counsel's ineffective assistance results in a procedural default of that claim. The ineffective assistance of state habeas counsel might provide cause to excuse the default of the claim, thereby allowing the federal habeas court to consider the full contours of Gallow's ineffective-assistance claim. For that reason, the Fifth Circuit should not necessarily have found that it could not consider the affidavit and testimony supporting Gallow's claim because of *Cullen* v. *Pinholster*, 563 U. S. ___ (2011).

Nonetheless, I recognize that no United States Court of Appeals has clearly adopted a position that might give Gallow relief. But I stress that the denial of certiorari here is not a reflection of the merits of Gallow's claims.