NOT PRECEDENTIAL

UNITED STATES COURT OF APEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2054
_____

BASHEER HARRISON,
Appellant

v.

THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA;
SUPERINTENDENT GRATERFORD SCI; THE DISTRICT ATTORNEY
OF THE COUNTY OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-14-cv-02114)
District Judge:  Hon. Nitza I. Quiñones Alejandro
_____

Submitted Under Third Circuit LAR 34.1(a)
November 12, 2019

Before:   JORDAN, SCIRICA, and RENDELL, *Circuit Judges.*

(Filed: November 25, 2019)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Basheer Harrison[1] appeals the order of the District Court denying his petition for habeas relief under 28 U.S.C. §§ 2241 and 2254. He claims that the reasonable doubt instruction given to the jury at trial deprived him of due process. Seeing no error in that instruction, we will affirm.

## I. BACKGROUND

On December 19, 2004, Harrison and Anthony Funny, while on Funny's front porch, had a physical fight over a gun. In the course of the struggle, Harrison shot Funny, who later died from his injuries. After the shooting, Harrison dropped the gun and ran across the street to his car. Having witnessed the struggle from the doorway, Funny's stepson, Louis Seabrook, came onto the porch and watched as Harrison, whom he knew, got into the car. As Seabrook was tending to his stepfather on the porch, two other armed men opened fire on Seabrook and Funny. Those two shooters then got in Harrison's car with him and the three drove away.

Seabrook promptly called the police. When the officers arrived on the scene, he described the vehicle and license plate number. The officers radioed a description of the vehicle and plate number to other police and received back a report of the vehicle's location. The officers took Seabrook to that location, where he identified Harrison as the man who shot Funny. Seabrook later also identified the two other shooters from a photo

---

[1] In state court proceedings, Harrison was referred to as Basheer Hairston, which the Commonwealth claims is how he referred to himself. Harrison now claims that his actual surname is Harrison. This case is captioned accordingly, and we refer to him by that name.

array.  Physical evidence from the scene, including a gun and cartridge casings,

corroborated Seabrook's testimony.

Harrison was arrested and charged with murder, attempted murder, aggravated

assault, and possession of an instrument of crime.  At trial, a jury found him guilty of

third-degree murder, attempted murder, aggravated assault, and possession of an

instrument of a crime. [2]

Before deliberations began, the judge instructed the jury on reasonable doubt, as

follows:

> Let me speak to you about reasonable doubt.  Although the Commonwealth
> has the burden of proving that a defendant is guilty, this does not mean that
> the Commonwealth must prove its case beyond all doubt or to a
> mathematical certainty.  Nor must it demonstrate the complete impossibility
> of innocence.  ***A reasonable doubt is a doubt that would cause a
> reasonably careful and sensible person to pause, to hesitate, to refrain
> from acting upon a matter of highest importance in his or her own affairs
> or to his or her own interests.***  A reasonable doubt must fairly arise out of
> the evidence that was presented or out of the lack of evidence presented
> with respect to some element of a crime charged.
>
> A reasonable doubt must be a real doubt.  It may not be an imagined one
> nor may it be a doubt that's manufactured to avoid carrying out an
> unpleasant duty.  So, to summarize, you may not find the defendant guilty
> based upon a mere suspicion of guilt.  The Commonwealth has the burden
> of proving the defendant guilty beyond a reasonable doubt.  If the
> Commonwealth has met that burden, then the defendant is no longer
> presumed to be innocent and you should find him guilty.  On the other
> hand, if the Commonwealth has not met its burden, then you must find him
> not guilty.

(App. at 102-03) (emphasis added).

---

[2] Harrison was initially charged with first-degree murder.  At trial, however, he
was granted an acquittal on the first-degree murder charge, as well as conspiracy charges,
after the presentation of the Commonwealth's case.

After the guilty verdict, Harrison was sentenced to consecutive terms of twenty to forty years of imprisonment for murder, seven and one-half to fifteen years of imprisonment for attempted murder, and one and one-half to five years of imprisonment for possession of an instrument of a crime.

Represented by his trial counsel, Harrison filed direct appeals, and his conviction was affirmed. With new counsel, Harrison also completed Pennsylvania's collateral review process. On collateral review, his petition was dismissed without a hearing, and the dismissal was affirmed by both the Superior Court and the Supreme Court of Pennsylvania. Not at anytime during trial, direct appeal, or on collateral review did Harrison raise a due process claim based on the reasonable doubt instruction, as he now does. [3]

After losing on collateral review, Harrison filed the present petition for a writ of habeas corpus, which was referred to a Magistrate Judge for a report and recommendation. The Magistrate Judge recommended that the petition be denied. The District Court agreed and denied relief, but it certified the due process issue for appeal to us, and this appeal followed.

---

[3] Harrison frankly admits that, for habeas purposes, his failure to raise his due process claim earlier amounts to a procedural default. Harrison claims, however, that ineffective assistance of counsel excuses the procedural default that would otherwise prohibit his federal habeas claim. *See Martinez v. Ryan*, 566 U.S. 1, 14 (2012). We recently considered the procedural default analysis at length in *Workman v. Superintendent Albion SCI*, 915 F.3d 928 (3d Cir. 2019), although we note that the District Court reviewed Harrison's petition prior to the *Workman* decision. Because Harrison's due process argument fails on the merits, we do not address his procedural default.

**II.    DISCUSSION**[4]

Harrison asserts that he was denied due process by the trial court's instruction to the jury on reasonable doubt. Specifically, he claims that the phrase "to pause, to hesitate, to refrain from acting" impermissibly lowered the prosecution's burden of proof. We disagree.

**A.    Reasonable Doubt Jury Instruction**

The Due Process Clause ensures that when an individual is accused of a crime, the jury must convict that person "upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). Accordingly, any instructions a judge gives to a jury on what it means to find someone guilty beyond a reasonable doubt must "correctly convey the concept of reasonable doubt to the jury." *Victor v. Nebraska*, 511 U.S. 1, 5 (1994) (alterations and citation omitted). Jury instructions violate due process when "there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the [reasonable doubt] standard." *Id.* at 6.

Harrison claims that the reasonable doubt instruction at his trial violated his due process rights because it included the phrase "to refrain from acting" as being conjunctive with the phrases "to pause" and "to hesitate" in describing reasonable doubt. While "to pause" and "to hesitate," reflect an appropriate description of reasonable doubt, Harrison

---

[4] The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review the District Court's legal conclusions *de novo*. *See Thomas v. Horn*, 570 F.3d 105, 113 (3d Cir. 2009).

5

argues, "to refrain from acting" impermissibly lowers the prosecution's burden of proof. Harrison cites our opinion in *Thomas v. Horn*, in which we said in dicta that the phrase to "'restrain from acting'… decreases, to some extent, the burden of proof[.]"[5]  570 F.3d 105, 118 (3d Cir. 2009).

We disagree with Harrison's reading of the jury instruction.  First, we are not convinced that the most natural reading of the instruction is as a conjunctive list.  The lack of an actual conjunction in the list more naturally indicates that the words "to pause, to hesitate, to refrain from acting" were intended as a disjunctive, illustrative list of behaviors that could reflect what it means to have a reasonable doubt.  This is underscored by the fact that "to pause" and "to hesitate" are nearly synonymous, thus negating the need for a conjunctive "and" to include both behaviors.  Importantly, and as Harrison notes, this Court and the Pennsylvania courts have repeatedly approved jury instructions that include "to refrain from acting" or "to restrain from acting" when it is in a disjunctive list.  *See, e.g.*, *id.* at 119; *Commonwealth v. Uderra*, 862 A.2d 74, 92 (Pa. 2004).

Second, even if the jury instruction were properly understood as setting forth a conjunctive list, we approved the "to restrain from acting" formulation of reasonable doubt in *Thomas*.  Although we indicated that "to restrain from acting" is not an exact synonym of "to pause" or "to hesitate," we upheld the jury instruction that included that phrase.  We reasoned that "even though we believe that the 'restrain from acting'

_____

[5] The parties agree, as do we, that "to refrain from acting" and "to restrain from acting" are effectively synonymous.

6

formulation lessens the prosecution's burden of proof, we cannot say that its use is unconstitutional." *Thomas*, 570 F.3d at 118.

Whether understood as conjunctive or disjunctive, the wording at issue in this instruction falls within the range of permissible instructions on reasonable doubt. There was no warrant for habeas relief here, and the District Court correctly denied the petition.

## III.    CONCLUSION

For the foregoing reasons, we will affirm the order of the District Court.