**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-3236

_____

ROBERT BROWNLEE,

                              Appellant

v.

SUPERINTENDENT, SCI FAYETTE;
THE ATTORNEY GENERAL OF THE
STATE OF PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-01172)
District Judge: Hon. Nora B. Fischer

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
Thursday, April 23, 2020

_____

Before: PORTER, RENDELL, and FISHER,
*Circuit Judges*

(Filed: August 12, 2020)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PORTER, *Circuit Judge*.

The Commonwealth of Pennsylvania charged Robert Brownlee with 151 criminal counts, including more than fifty counts of indecent exposure and more than fifty counts of corruption of minors. He eventually pleaded guilty to nine counts of corruption of minors, in violation of 18 Pa. Cons. Stat. § 6301(a), and one count of indecent assault, in violation of 18 Pa. Cons. Stat. § 3126(a)(7). Brownlee did not directly appeal his guilty plea and sentence. Instead, he petitioned under Pennsylvania's Post Conviction Relief Act ("PCRA"). In his petition, Brownlee claimed that he received ineffective assistance of plea counsel because his lawyer did not object to the trial judge's failure to explain the "course of conduct" element of the corruption-of-minors charges. The PCRA court denied Brownlee's petition, finding that his counsel's performance did not prejudice him.

Brownlee then filed a habeas petition under 28 U.S.C. § 2254. A Magistrate Judge recommended denying Brownlee's petition. The District Court overruled Brownlee's objections to the Magistrate Judge's recommendation, denied his petition, and declined to grant him a certificate of appealability. We, however, granted Brownlee's request for a certificate appealability on one question: Whether his "counsel rendered constitutionally ineffective assistance by permitting [Brownlee] to plead guilty to an offense without knowledge of a critical element of the offense." App. 3. We will affirm.[1]

---

[1] The District Court had subject-matter jurisdiction under 28 U.S.C. § 2254. We have appellate jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review de novo the District Court's legal conclusions. *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 849 (3d Cir. 2017).

\* \* \*

When "a state court has rejected a petitioner's claim on the merits," we may grant the petitioner's habeas petition only if "the state court's decision 'was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.'" *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848 (3d Cir. 2017) (quoting 28 U.S.C. § 2254(d)(1)).

Brownlee's habeas petition is based on a claim of ineffective assistance of counsel, so we analyze it using the standard first set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). "We have described *Strickland* as containing two prongs, both of which must be met to sustain a claim of ineffective assistance of counsel: the 'performance' and 'prejudice' prongs." *Workman v. Superintendent Albion SCI*, 915 F.3d 928, 938 (3d Cir. 2019) (citation omitted). "[A] petitioner must prove (1) that his counsel's performance was deficient, that is, it fell below an objective standard of reasonableness[;] and (2) that counsel's deficient performance prejudiced his client[.]" *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 238 (3d Cir. 2017) (internal quotation marks and citation omitted). Prejudice has occurred when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland*, 466 U.S. at 694).

"The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal quotation marks and citations omitted).

3

**A**

First, we must determine whether the PCRA court's decision to deny Brownlee's petition contradicted federal law. *See Vickers*, 858 F.3d at 848. We have said that

> [a] decision is contrary to clearly established federal law if it applies a rule that contradicts the governing law set forth in Supreme Court precedent, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from that reached by the Supreme Court.

*Id.* (quoting *Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013) (internal quotation marks omitted).

The PCRA court applied the Supreme Court of Pennsylvania's gloss on *Strickland*:

> When a PCRA petitioner alleges ineffective assistance of counsel, counsel is presumed to have provided effective representation unless the petitioner pleads and proves that[ ] (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) the petitioner was prejudiced by counsel's action or omission.

*Commonwealth v. Brownlee*, No. 686 WDA 2016, 2017 WL 1967618, at *4 (Pa. Super. Ct. May 11, 2017) (citing *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014)). The Pennsylvania Supreme Court has said that its "standard judging ineffectiveness claims [is] identical to the ineffectiveness standard enunciated" in *Strickland*, and we have accepted that assessment. *Werts v. Vaughn*, 228 F.3d 178, 203–04 (3d Cir. 2000) (discussing *Commonwealth v. Pierce*, 527 A.2d 973, 976–77 (Pa. 1987)). Thus, the PCRA court's decision is not contrary to federal law. *Cf. Vickers*, 858 F.3d at 849 (concluding that "the [state court] failed to apply *Strickland* altogether, resulting in a

4

decision *contrary to clearly established federal law*." (emphasis added) (internal

quotation marks and alteration omitted)).

**B**

Next, we must decide whether the PCRA court's decision amounted to an

unreasonable application of clearly established federal law. *See id.* at 848. "A decision

contains an unreasonable application of clearly established law if no fairminded jurist

could agree with the state court's decision." *Id.* (quoting *Harrington*, 562 U.S. at 101)

(internal quotation marks omitted). Here, Brownlee had to show "a reasonable probability

that, but for [his] counsel's errors, he would not have pleaded guilty." *See Hill v.

Lockhart*, 474 U.S. 52, 59 (1985). The PCRA court acknowledged that "the question

[presented by Brownlee's petition] is close." *Brownlee*, 2017 WL 1967618, at *7. But it

ultimately rejected Brownlee's ineffective-assistance-of-counsel claim because he was

not prejudiced by his counsel's performance. *See id.*

The PCRA court found that "[t]he failure to mention the course of conduct

element during the guilty plea colloquy did not *induce* [Brownlee] to plead guilty." *Id.*

(emphasis added). "Instead, the record satisfie[d] [the PCRA court] that he pleaded guilty

to avoid the danger of going to trial." *Id.* As the PCRA court aptly observed,

"[p]roceeding to trial would have exposed [Brownlee] to the risk of a guilty verdict on

151 sexual offenses—a risk that would have been exacerbated by the introduction of his

five prior convictions for sexual offenses." *Id.* (emphasis omitted). What's more, having

conducted a hearing, the PCRA court made a fact-finding that Brownlee "was on notice

at the time of his guilty plea that at least one of the incidents in his course of sex offenses

5

took place after December 6, 2010," when 18 Pa. Cons. Stat. § 6301(a)—the statute prohibiting corruption of minors—was amended to add the course-of-conduct element. *See id.*[2]

In short, we agree with the District Court that fairminded jurists would be hard pressed not to accept the PCRA court's prejudice analysis of Brownlee's ineffective-assistance-of-counsel claim.[3] Under our highly deferential standards, *see Harrington*, 562 U.S. at 105, we will affirm the District Court's order because the PCRA court did not unreasonably apply clearly established law when it analyzed whether Brownlee's counsel prejudiced him.

*       *       *

The District Court properly denied Brownlee's § 2254 petition.[4] For that reason, we will affirm.

---

[2] We presume that the PCRA court's "determination of a factual issue" is correct. 28 U.S.C. § 2254(e)(1).

[3] We note that, when deciding whether a reasonable probability existed that, but for his counsel's errors, Brownlee would not have pleaded guilty, that determination turns "in large part on a prediction whether [the need to prove the course-of-conduct element] likely would have changed the outcome of a trial." *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Brownlee admitted during the PCRA hearing that he committed six sex offenses—his concern was not his innocence, but whether the Commonwealth overcharged him. *See* App. 312–13. For that reason, we cannot say that the PCRA court misapplied *Hill* by concluding that Brownlee pleaded guilty to avoid a potentially longer sentence, rather than as a result of his counsel's error.

[4] Because Brownlee failed to overcome the deference we must afford the PCRA court under 28 U.S.C. § 2254(d)(1), we do not reach a tertiary question posed to the parties by our order granting Brownlee's request for a certificate of appealability: "whether prejudice may be presumed for [Brownlee's] ineffective assistance claim." App. 4.