**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2844

_____

MICHAEL GELSINGER

v.

SUPERINTENDENT FAYETTE SCI;
ATTORNEY GENERAL PENNSYLVANIA;
DISTRICT ATTORNEY DAUPHIN COUNTY,
Appellant.

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:19-cv-01654)
District Judge: Honorable Yvette Kane

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 8, 2022

Before: SHWARTZ, KRAUSE, and ROTH, <u>Circuit Judges</u>

(Filed: August 25, 2022)

_____

**OPINION**[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

The Commonwealth of Pennsylvania appeals the writ of habeas corpus that the District Court granted Appellee Michael Gelsinger based, at least in part, on evidence the Court admitted at an evidentiary hearing. While this appeal was pending, however, the Supreme Court decided *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022), clarifying that even when ineffective assistance of postconviction counsel prevented the state court record from being adequately developed, there is "no warrant to impose any factfinding requirements beyond [28 U.S.C.] § 2254(e)(2)'s narrow exceptions to [the Antiterrorism and Effective Death Penalty Act's] general bar on evidentiary hearings." *Id.* at 1740 (alterations omitted). We now conclude that *Shinn* constrains us to vacate and remand for the District Court to reevaluate Gelsinger's petition without reliance on evidence gathered outside the state court proceedings.

## I. Discussion[1]

A jury found Michael Gelsinger guilty of first degree murder and attempted murder after he shot at Justin Baxter during an argument with Baxter but instead hit and killed Tiana Dockens. At trial, the Commonwealth argued that because Gelsinger intended to kill Baxter but actually shot Dockens, his intent to commit first degree murder of Baxter transferred to Dockens. After an unsuccessful direct appeal and Post-

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2254, and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review the District Court's legal conclusions and any factual inferences drawn from the state court record de novo. *Randolph v. Sec'y Pa. Dep't of Corr.*, 5 F.4th 362, 372 (3d Cir. 2021).

2

Conviction Relief Act ("PCRA") petition, Gelsinger filed a habeas petition in the District Court.

Before that Court, Gelsinger argued that his trial counsel was ineffective for failing to request a lesser-included offense instruction for attempted murder (*i.e.*, aggravated assault) and for failing to request an instruction that transferred intent may also apply to a lesser-included offense to first-degree murder (*i.e.*, third-degree murder). Although he did not raise these ineffective assistance of counsel ("IAC") claims during his PCRA proceedings, and such unexhausted claims are generally considered procedurally barred on habeas, *see Lines v. Larkins*, 208 F.3d 153, 159–60 (3d Cir. 2000), Gelsinger invoked a narrow exception—recognized by the Supreme Court in *Martinez v. Ryan*—for situations where state law precludes a petitioner from asserting an IAC claim until state postconviction proceedings and the postconviction counsel in those proceedings was ineffective for failing to raise trial counsel's ineffectiveness, 566 U.S. 1, 17 (2012); *see also Trevino v. Thaler*, 569 U.S. 413, 429 (2013.[2]

---

[2] The Commonwealth argues that the default was of Gelsinger's making, and therefore unexcused, because he failed to file a successive PCRA petition before filing his federal petition. But Pennsylvania law is clear that, barring exceptions that are not relevant here, any "second or subsequent petition[] shall be filed within one year of the date the judgment becomes final," 42 Pa. Stat. and Cons. Stat. § 9545(b)(1), and here Gelsinger's judgment became final in 2016, years before he filed for habeas relief in 2019, *see id.* § 9545(b)(3). Thus, after his PCRA petition was dismissed in 2019, the PCRA itself barred Gelsinger from filing a successive PCRA petition asserting his PCRA counsel's ineffectiveness. *See Commonwealth v. Bradley*, 261 A.3d 381, 399, 403–04 & n.18 (Pa. 2021).

To decide whether Gelsinger qualified for the *Martinez* exception to excuse his procedural default, the District Court conducted a hearing at which both Gelsinger's PCRA counsel and his two trial counsel testified. The Court then considered and expressly relied upon that testimony to conclude not only that Gelsinger's procedural default was excused by his PCRA counsel's ineffectiveness in failing to raise the "substantial" claim of trial counsel's ineffectiveness, but also that trial counsel was indeed ineffective, warranting the grant of habeas relief. J.A. 17.

In its opinion, for example, the Court pointed to PCRA counsel's testimony that she did not believe "an aggravated assault . . . charge" was appropriate despite acknowledging that Gelsinger may have fired his gun without specific intent to kill. J.A. 18 (citing J.A. 613). It also observed that both of Gelsinger's trial counsel acknowledged they had never discussed the inclusion of lesser-included offense instructions with each other or with Gelsinger, and one lawyer testified that "she did not have a reason" for failing to discuss or request the instructions. J.A. 20 (internal quotations marks omitted). In addition, it cited trial counsel's testimony that they "mistakenly believed that they could not request a lesser-included offense instruction and argue a theory of self-defense at the same time," and their concession "that a reasonable jury could have found that Petitioner fired his gun intending only to injure rather than kill [] Baxter," *id.*, and that the "intent would have transferred to a lesser degree of murder as it related to Tiana Dockens," J.A. 25.

From this testimony, the District Court concluded that "the record d[id] not support a finding that counsel's decisions on this critical issue were the 'product of

4

strategic judgment.'" J.A. 20 (quoting *Workman v. Superintendent Albion SCI*, 915 F.3d 928, 943 (3d Cir. 2019)).[3] Thus, it appears that the District Court both excused Gelsinger's procedural default and granted relief on his underlying IAC claim based, at least in part, on evidence beyond the state court record.

It may be that the District Court would have reached the same conclusions even absent counsel's testimony, but the problem for us in reviewing the Court's explanation for those conclusions is that it explicitly references that testimony, which was admitted in violation of 28 U.S.C. § 2254(e)(2). That section provides, in mandatory terms, that where an applicant "has failed to develop the factual basis of a claim in State court proceedings," a habeas court "shall not hold an evidentiary hearing on the claim," absent two scenarios not applicable here.[4] *Id.*

*Shinn* was handed down after the District Court's ruling, but it merely confirmed, based on the text of § 2254(e)(2), that a habeas court "may not consider [new] evidence on the merits of a negligent prisoner's defaulted claim unless the exceptions in § 2254(e)(2) are satisfied"—even in the context of a *Martinez* hearing. *Shinn*, 142 S. Ct. at 1738. We recently clarified that, after *Shinn*, the proper procedure for determining

---

[3] Gelsinger's contention that the District Court "did not . . . rely on new evidence" in its merits analysis of Gelsinger's IAC claims, ECF No. 32 at 4, is thus belied by the record.

[4] Supplementation of the record under 28 U.S.C. § 2254(e)(2) is only appropriate if the claim relies on (1) a new rule of constitutional law, or (2) new facts previously undiscoverable, § 2254(e)(2)(A), and the applicant "demonstrates that the new evidence will establish his innocence 'by clear and convincing evidence.'" *Shinn*, 142 S. Ct. at 1728 (quoting § 2254(e)(2)(B)). Gelsinger does not argue either exception is applicable.

5

whether to excuse a petitioner's procedural default is to first "decide whether an underlying ineffectiveness claim succeeds considering only the state court record[.]" *Williams v. Superintendent Mahanoy SCI*, --- F.4th ---, 2022 WL 3453339, at *7 (3d Cir. 2022). Only then may a District Court proceed with a *Martinez* hearing to evaluate whether post-conviction counsel was also ineffective. *Id.* (citing *Cristin v. Brennan*, 281 F.3d 404, 413–19 (3d Cir. 2002)). But if the state court record alone does not allow the petitioner to succeed on the underlying ineffectiveness claim, "[a] federal court[] must skip hearings altogether and deny habeas relief[.]"[5] *Id.*

Here, as in *Shinn*, the District Court erred by considering evidence it was not authorized to admit, let alone consider, in its determination that Gelsinger's IAC claims were meritorious. We will therefore vacate and remand for the District Court to reconsider whether Gelsinger is entitled to habeas relief based on the state court record, and if so, then to consider whether his procedural default is excused under *Martinez*. *Accord id.*

## II. Conclusion

For the foregoing reasons, we will vacate and remand.

---

[5] The Supreme Court in *Shinn* explained that a habeas court may not hold an evidentiary hearing "to assess cause and prejudice under *Martinez*" where § 2254(e)(2) applies, but did not foreclose, much less address, a situation in which that section's "stringent requirements" are not triggered. 142 S. Ct. at 1739. As such, a *Martinez* hearing may still be permissible where post-conviction counsel's ineffectiveness is due entirely to causes unrelated to "the factual basis of the [habeas] claim," § 2254(e)(2), and thus potentially outside the scope of Section 2254(e)(2)—for example, where a habeas court hears evidence that post-conviction counsel was ineffective due to a family emergency which caused him to neglect his duty to his client.